# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LUTHER STEVEN MONTGOMERY, JR., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | CIV. A. NO.: 24-116-TFM-C |
| CODY P. DANIELS, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Luther Steven Montgomery, Jr., proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (Doc. 1). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). (*See* Doc. 3). Upon review of this action's proceedings, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** for Plaintiff's failure to prosecute and to comply with the Court's order.

The Court received Plaintiff's § 1983 complaint (Doc. 1), along with a Motion to Proceed Without Prepayment of Fees. (Doc. 2). In his motion, Montgomery failed to provide a complete picture of his financial situation such that the Court could not determine whether or not Plaintiff was unable to pay the costs of commencing this action. Specifically, Plaintiff indicated in his motion that someone else was providing him with "life's necessities," yet he failed to give any information regarding the financial status of that person. "In assessing an application to proceed [without prepayment of fees], a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.' . . . If it appears that an applicant's 'access to [] court has not been blocked by his financial condition; rather

[that] he is "merely in the position of having to weigh the financial constraints imposed if he pursues [his position] against the merits of his case,"' then a court properly exercises its discretion to deny the application." *Fridman v. City of New York*, 195 F.Supp. 2d 534, 537 (S.D.N.Y. 2002). Accordingly, the Court ordered Montgomery to amend his motion to proceed without prepayment of fees and provide the financial information of his girlfriend (or whoever is providing for his basic needs), including her monthly income and expenses, the value of assets owned by her, and the amounts of money she has in banks, savings accounts, etc. (*See* Doc. 4). Plaintiff was ordered to file the amended motion to proceed without prepayment of fees with the necessary financial information on or before May 17, 2024. (*Id.*).

This deadline has now passed, and Plaintiff has not complied with the Court's order. Nor has Plaintiff paid the full filing fee to commence this action. Nor has Plaintiff communicated with the Court in any way.[1]

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered a fundamental power of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Moreover, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v.*

---

[1] Notably, this is Montgomery's second attempt to file this same suit, *see* 23-cv-479-TFM-C, which was dismissed without prejudice for Plaintiff's repeated failure to comply with the Court's order to provide the financial information of his girlfriend, with whom he is living and who is providing his life's necessities, or pay the full filing fee and costs of the action.

2

*Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (internal quotation marks omitted)). *Accord Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the two sources of a court's authority to *sua sponte* dismiss an action are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure).

Because Plaintiff has failed to file a fully completed amended motion to proceed without prepayment of fees or pay the full filing fee, Plaintiff has failed to comply with the Court's order and failed to prosecute this action. Accordingly, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**, as no lesser sanction will suffice to address Plaintiff's willful conduct. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (dismissal for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion), *cert. denied*, 493 U.S. 863 (1989); *see Frith v. Curry*, 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming an action's dismissal when an inmate, who had been warned that failure to comply would result in his action's dismissal for failure to prosecute, did not respond to the court's order and did not pay the partial filing fee even though he filed his signed consent form); *Freeze v. Sec'y, Dep't of Children & Families*, 825 F. App'x 606, 610 (11th Cir. 2020) (affirming the dismissal without prejudice of the complaint for failure to follow court orders to amend his complaint).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **23rd** day of **May**, **2024**.

                                                            s/WILLIAM E. CASSADY
                                                            **UNITED STATES MAGISTRATE JUDGE**